FILED
CLERK
3:48 pm, Feb 17, 2017
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x

SHURIZ HISHMEH M.D.,

               Plaintiff,

  -against-

EMPIRE HEALTHCHOICE HMO, INC. and EMPIRE
HEALTHCHOICE ASSURANCE, INC.,

               Defendants.

-------------------------------------------------------------------------x

Memorandum of
Decision & Order
16-cv-2780(ADS)(ARL)

APPEARANCES:

**Garfunkel Wild, P.C.**
*Attorneys for the Plaintiff*
111 Great Neck Road, Suite 503
Great Neck, NY 11021
       By:    Roy W. Breitenbach, Esq.
               Colleen M. Tarpey, Esq., Of Counsel

**Troutman Sanders LLP**
*Attorneys for the Defendants*
875 Third Avenue
New York, NY 10022
       By:    Amanda L. Genovese, Esq., Of Counsel

**SPATT, District Judge:**

On June 1, 2016, the Defendants Empire Healthchoice HMO, Inc. and Empire Healthchoice Assurance, Inc. (collectively, "Empire") removed this action from the Nassau County Supreme Court, asserting that, to the extent the claims alleged by the Plaintiff Shuriz Hishmeh, M.D. ("Dr. Hishmeh") arise under the federal Employee Retirement Income Security Act ("ERISA"), this Court has original jurisdiction under 28 U.S.C. § 1331.

Thereafter, on June 30, 2016, Empire filed a motion seeking to dismiss the complaint under Federal Rule of Civil Procedure ("FED. R. CIV. P.") 12(b)(6), on the ground that it fails to state a plausible claim for relief.

1

While the motion to dismiss was on submission, Dr. Hishmeh filed a cross-motion seeking to amend the complaint under FED. R. CIV. P. 15(a).

For the reasons that follow, the Court grants in part and denies in part Empire's motion to dismiss; denies Dr. Hishmeh's motion to amend the complaint as futile; and, declining to exercise supplemental jurisdiction over the remaining state law causes of action, remands this matter to the Nassau County Supreme Court for further proceedings.

I. BACKGROUND

As discussed more fully below, in its discretion, the Court will construe the pending motion to dismiss as if it were directed at Dr. Hishmeh's proposed amended complaint ("PAC"). Accordingly, unless otherwise noted, the following facts are drawn from the PAC and are construed in Dr. Hishmeh's favor.

Empire is a health insurance company, which, pursuant to certain coverage agreements, gives some of its insureds the right to seek medically-necessary treatment from physicians who do not participate in Empire's healthcare network. When such medically-necessary treatment is administered, Empire is obligated to reimburse the insured or the out-of-network physician, as the case may be, at the so-called "UCR Rate" – that is, the usual, customary, and reasonable price for the services rendered, less any copayment, deductible, or other out-of-pocket costs owed by the insured.

The gravamen of this action is that Dr. Hishmeh, a Long Island-based spine surgeon who does not participate in Empire's healthcare network, was denied reimbursement at the UCR Rate for qualifying treatment he rendered to certain of Empire's insureds. In this regard, Dr. Hishmeh alleges that some patients assigned to him their benefits under Empire health plans, so that he became entitled to receive payment directly from Empire for the treatment he rendered.

The PAC describes in detail three occasions on which individuals allegedly assigned their benefits to Dr. Hishmeh in return for urgent medical care. For example, on December 18, 2012, a patient identified as "J.E." assigned to Dr. Hishmeh benefits under an Empire Direct Plan prior to

receiving medically-necessary spinal surgery.  Empire only partially reimbursed Dr. Hishmeh for J.E.'s care.

On June 5, 2014, a patient identified as "K.A." assigned to Dr. Hishmeh benefits under a Winthrop University Hospital health benefits plan prior to receiving medically-necessary spinal surgery.  Despite numerous requests for payment, Empire has not reimbursed Dr. Hishmeh any amount for K.A.'s care.

On May 12, 2015, a patient identified as "P.M." assigned to Dr. Hishmeh benefits under a Steamfitters Industry health benefits plan prior to receiving medically-necessary spinal surgery.  Again Empire only partially reimbursed Dr. Hishmeh for P.M.'s care.

The Court notes that Empire submitted copies of the specific healthcare plans referenced above with their motion papers, and Dr. Hishmeh neither objects to their place in the record nor disputes their accuracy or authenticity.  Accordingly, although the Court may "review only a narrow universe of materials" on a Rule 12(b)(6) motion, *see Goel v. Bunge, Ltd.*, 820 F.3d 554, 559 (2d Cir. 2016), since these documents are apparently integral to Dr. Hishmeh's claims and were apparently relied upon in framing his pleadings, the Court finds that they are appropriate to consider in adjudicating the present motion, *see Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *see also Pastor v. Woodmere Fire Dist.*, No. 16-cv-892, 2016 U.S. Dist. LEXIS 154859, at *9-*10 (E.D.N.Y. Nov. 7, 2016) (Spatt, J.) (collecting cases for the proposition that "courts within this Circuit routinely consider copies of relevant policy documents in connection with insurance disputes").

Dr. Hishmeh claims that he justifiably relied on these patients' assignments of benefits in expecting reimbursement at the UCR Rate from Empire.  Despite this, as set forth above, he claims that Empire denied him proper payment for his services.

On these general facts, the PAC asserts a derivative claim under ERISA to enforce the provisions of certain Empire health plans, which allegedly constitute qualifying employee benefit

3

plans under the statute, together with several state law causes of action sounding in contract and tort. By this action, Dr. Hishmeh seeks to recover the amounts due and owing to him for medical services, together with costs and attorneys' fees.

## II. DISCUSSION

### A. The Standards of Review

Under FED. R. CIV. P. 8(a)(2), a pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard announced in Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555).

Rather, to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). The "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 557.

Further, "Rule 15(a) gives the Court extensive discretion to decide whether to grant leave to amend after the time for amendment as of course has passed." *Gentleman v. State Univ. of New York*, No. 16-cv-2012, 2016 U.S. Dist. LEXIS 161798, at *9 (E.D.N.Y. Nov. 21, 2016) (Spatt, J.) (citation omitted). "In general, such requests should be freely granted unless the proposed amendment would be futile." *Id.* (citing *Grullon v. City of New Haven*, 720 F.3d 133, 139-40 (2d Cir. 2013)).

Where, as here, the Plaintiff seeks to amend his complaint while a motion to dismiss is pending, the Court has a variety of ways in which it may deal with the pending motion to dismiss,

from denying the motion as moot to considering the merits of the motion in light of the amended complaint. *See Schwartzco Enters. LLC v. TMH Mgmt., LLC*, 60 F. Supp. 3d 331, 338 (E.D.N.Y. 2014) (Spatt, J.).

In this case, as referenced above, the Court will construe the pending motion to dismiss as if it were directed at the PAC, so that if the PAC cannot survive Rule 12(b) scrutiny, the Plaintiff's motion to amend will be denied as futile. *See Gentleman*, 2016 U.S. Dist. LEXIS 161798, at *9-*10; *Conforti v. Sunbelt Rentals, Inc.*, No. 15-cv-5045, 2016 U.S. Dist. LEXIS 107646, at *20 (E.D.N.Y. Aug. 15, 2016) (Spatt, J.); *Wilson v. Southampton Hosp.*, No. 14-cv-5884, 2015 U.S. Dist. LEXIS 116179, at *15-*16 (E.D.N.Y. Aug. 28, 2015) (Spatt, J.); *Schwartzco Enters. LLC*, 60 F. Supp. 3d at 338.

B.  As to Whether the PAC States a Plausible Clam for Relief Under ERISA

Under section 502 of ERISA, a participant in or beneficiary of a qualifying employee benefits plan is authorized to bring a civil action to recover benefits allegedly due to him under the terms of the plan. *See* 29 U.S.C. § 1132(a)(1)(B). To state a claim for relief under this provision, Dr. Hishmeh is required to plausibly allege that: (1) the Empire health plans in question are covered by ERISA; (2) he is a participant in or beneficiary of the plans; and (3) he exhausted his administrative remedies. *See Harrison v. Metro. Life Ins. Co.*, 417 F. Supp. 2d 424, 434 n.2 (S.D.N.Y. 2006).

For purposes of this analysis, Empire does not dispute – and, therefore, the Court assumes without deciding – that the plans in question are covered by ERISA or that Dr. Hishmeh exhausted his administrative remedies. However, in support of dismissal, Empire contends that, although "assignees of beneficiaries to an ERISA-governed insurance plan [generally] have standing to sue under ERISA," *I.V. Servs. of Am. v. Trs. of the Am. Consulting Eng'r Council Ins. Tr. Fund*, 136 F.3d 114, 117 n.2 (2d Cir. 1998), in this case, Dr. Hishmeh lacks standing because the plans in question expressly prohibit assignments of benefits.

In this regard, referring to substantially similar anti-assignment provisions in the plans covering J.E., K.A., and P.M., Empire contends that any alleged assignment of these patients' benefits to Dr. Hishmeh was invalid, divesting him of standing to sue under ERISA. The Court agrees.

Although "[t]he Second Circuit has not yet spoken on the effect of assignments made in violation of anti-assignment provisions in ERISA plans," other circuit courts of appeals and "[d]istrict courts in this Circuit . . . have found that 'where plan language unambiguously prohibits assignment, an attempted assignment will be ineffectual . . . [and] . . . a healthcare provider who has attempted to obtain an assignment in contravention of a plan's terms is not entitled to recover under ERISA.'" *Merrick v. UnitedHealth Grp., Inc.*, 175 F. Supp. 3d 110, 118-19 (S.D.N.Y. 2016) (quoting *Neuroaxis Neurosurgical Assocs., PC v. Costco Wholesale Co.*, 919 F. Supp. 2d 345, 351-52 (S.D.N.Y. 2013)). In the Court's view, this rule clearly applies to bar the attempted assignments here.

The Court's reasoning is not altered by Dr. Hishmeh's argument that Empire has effectively waived, or is otherwise estopped from enforcing the anti-assignment provisions. In this regard, Dr. Hishmeh contends that, by previously acknowledging him as an assignee of its insureds, and, at least in the cases of J.E. and P.M., making direct partial payment to him for his services on their behalf, Empire has impliedly consented to the assignments. However, recent caselaw casts doubt on this theory.

Namely, in *Merrick v. UnitedHealth Group, Inc.*, *supra*, three out-of-network chiropractors asserted a claim against a health insurer, alleging that, as assignees of benefits under their patients' healthcare plans, they were entitled to sue under ERISA. When confronted with an anti-assignment clause in the plan, the plaintiffs asserted, as does Dr. Hishmeh in this case, that the insurer's pattern and practice of directly paying the plaintiffs for services provided under the plans was sufficient to show that the insurer consented to the assignments, or was estopped from or waived its reliance on the anti-assignment clause.

The district court disagreed, reasoning that the plaintiffs failed to allege the sort of extraordinary circumstances needed to establish estoppel in an ERISA action. On the contrary, the court cited intra-Circuit authority for the proposition that "it is entirely routine for a health insurance company to pay a healthcare provider directly for services under the plan." 175 F. Supp. at 121. In fact, as is the case here, the anti-assignment provision in question expressly permitted the insurer to make direct payments even where no valid assignment existed. *See* June 30, 2016 Declaration of Amanda L. Genovese, Esq., at Ex. "A" (Empire Direct Plan), at 72 ("If you receive service in a non-participating hospital, or from any other provider of care covered under the Certificate, we reserve the right to pay either you or the hospital, or other provider"); *id.* at Ex. "B" (Winthrop University Hospital Plan), at 48 ("Except where Empire expressly indicates otherwise, in the case of services provided by an out of network provider, payments will always be made directly to you for services provided by the out of network provider"); *id.* at Ex. "C" (Steamfitters Industry Plan), at 42 (same).

For substantially the same reason – namely, that the insurer was permitted to make direct payments under the terms of the plan – the court found that the insurer also had not waived the anti-assignment provision. This remained true notwithstanding that, as in this case, beyond making direct payments, the insurer also communicated with the out-of-network providers to establish and negotiate the eventual amount of reimbursement.

Having determined the validity and enforceability of the anti-assignment provision, the court in *Merrick* concluded that the plaintiffs lacked statutory standing to bring their benefits claims under ERISA. In the Court's view, the same result is warranted here.

In light of this conclusion, the Court need not reach Empire's narrower alternative argument, namely, that with respect solely to the patient identified as J.E., Dr. Hishmeh's claim is barred by a shortened contractual limitations period.

7

Accordingly, the Court finds that the health plans at issue in this case expressly bar the assignment of benefits upon which Dr. Hishmeh relies to establish his statutory standing, which is an essential element of a viable claim under ERISA. Consequently, Empire's motion to dismiss Dr. Hishmeh's claim based on a violation of section 502 of ERISA is granted, and, insofar as he seeks to amend the complaint to add a claim under ERISA, Dr. Hishmeh's cross-motion for leave to amend is denied as futile.

C.      As to the Preemptive Effective of ERISA on Dr. Hishmeh's State Law Claims

As noted above, in addition to the proposed ERISA claim, the PAC also includes numerous causes of action arising under New York state law. Empire contends that these claims are preempted by ERISA's comprehensive civil enforcement scheme. However, for substantially the same reasons as outlined above, the Court disagrees.

In general, "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive . . ." *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209, 124 S. Ct. 2488, 159 L. Ed. 2d 312 (2004); *see North Shore-Long Island Jewish Health Care Sys. v. Multiplan, Inc.*, 953 F. Supp. 2d 419, 427 (E.D.N.Y. 2013) (noting that "where a plaintiff brings a state law claim that is in reality an ERISA-claim in state-law language, ERISA's preemption power will take effect").

To determine the preemptive effect of ERISA, the Supreme Court has developed a two-part test. "Specifically, claims are completely preempted by ERISA if they are brought (i) by 'an individual [who] at some point in time, could have brought his claim under ERISA § 502(a)(1)(B),' and (ii) under circumstances in which 'there is no other independent legal duty that is implicated by a defendant's actions.'" *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 328 (2d Cir. 2011) (quoting *Davila*, 542 U.S. at 210). "Where both of [these] factors are satisfied . . . ERISA will preempt the state law claim." *North Shore-Long Island Jewish Health Care Sys.*, 953 F. Supp. 2d at 428.

8

However, it is well-settled that, in addressing the first prong of the relevant standard, the Court first considers whether the Plaintiff constitutes "the *type* of party that can bring a claim under Section 502(a)(1)(B)." *Id.* (quoting *Montefiore*, 642 F.3d at 328) (emphasis in original). "Stated differently, the Court considers whether [the Plaintiff] has standing to sue under ERISA." *Id.*; *see Conn. Gen. Life Ins. Co. v. Advanced Chiropractic Healthcare*, 54 F. Supp. 3d 260, 269 (E.D.N.Y. 2014) ("A state law claim is preempted under ERISA's civil enforcement section if brought . . . by an individual who has standing" under the statute); *cf. Neuroaxis*, 2012 U.S. Dist. LEXIS 144921, at *8–*9 (first prong of the preemption standard was satisfied where the plaintiff had standing as an assignee to sue under ERISA); *Josephson v. United Healthcare Corp.*, No. 11-cv-3665, 2012 U.S. Dist. LEXIS 144830, at *7 (E.D.N.Y. Sept. 28, 2012) (same).

In this case, as set forth above, Empire has successfully argued – and the Court has thus determined – that Dr. Hishmeh lacks standing to sue under ERISA. Therefore, with respect to the preemption analysis, it cannot also be said that Dr. Hishmeh is the type of party that could have brought his claims under section 502(a)(1)(B).

Accordingly, Empire's motion to dismiss Dr. Hishmeh's state law claims on the ground that they are preempted by ERISA is denied.

D.  **As to the Court's Jurisdiction Over the State Law Claims**

Finally, in the event Dr. Hishmeh's state law claims are not preempted, Empire nevertheless contends that the PAC fails to state enough facts to make those theories of state law liability plausible.

However, because the Court has now determined that, in the absence of a viable ERISA claim, federal question jurisdiction under 28 U.S.C. § 1331 is lacking; and because the PAC does not allege facts sufficient to support diversity jurisdiction under 28 U.S.C. § 1332; the Court finds that it lacks original subject matter jurisdiction to adjudicate Dr. Hishmeh's remaining state law claims,

and declines to exercise supplemental jurisdiction over them pursuant to 28 U.S.C. § 1367. *See* 28 U.S.C. § 1367(c)(3); *see also Norton v. Town of Islip*, 97 F. Supp. 3d 241, 267-68 (E.D.N.Y. 2015) ("Where, as here, any federal 'claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims'") (citations omitted); *Spiteri v. Russo*, No. 12-cv-2780, 2013 U.S. Dist. LEXIS 128379, at *235-*237 (E.D.N.Y. Sept. 7, 2013) (collecting cases for the proposition that "[c]ourts routinely decline to exercise supplemental jurisdiction where the only remaining claims are state law claims . . ."), *aff'd*, 622 F. App'x 9 (2d Cir. 2015).

Accordingly, on its own motion, the Court remands this matter to the Nassau County Supreme Court for further proceedings. *See Whole Life Recovery, LLC v. Aetna Life Ins. Co.*, No. 16-cv-4031, 2017 U.S. Dist. LEXIS 13917 (E.D.N.Y. Jan. 28, 2017) (Spatt, J.) (in an action by an alleged assignee of ERISA benefits to recover amounts allegedly owed under a healthcare plan, concluding that the plaintiff's state law claims were not preempted by the federal statute, and remanding to the state court for further proceedings).

### III.  CONCLUSION

Based on the foregoing, the Court grants in part and denies in part Empire's motion to dismiss the complaint. In particular, the portion of Empire's motion seeking to dismiss Dr. Hishmeh's claim based on a violation of section 502 of ERISA is granted. However, to the extent that Empire seeks to dismiss the state law claims as preempted by the federal statute, its motion is denied. Further, in the absence of a viable federal claim, the Court declines to consider whether the complaint plausibly alleges causes of action arising under New York state law.

Further, to the extent that Dr. Hishmeh seeks leave to amend the complaint to add an ERISA claim, his cross-motion is denied as futile on the ground that he lacks statutory standing as an assignee to bring a claim under section 502(a)(1)(B).

Finally, having dismissed Dr. Hishmeh's only potential federal claim; and there being no other apparent source of original subject matter jurisdiction, the Court declines to exercise supplemental jurisdiction over the remaining state law causes of action, and respectfully directs the Clerk of the Court to remand this matter to the Nassau County Supreme Court for further proceedings.

It is **SO ORDERED:**

Dated: Central Islip, New York
February 17, 2017

*/s/ Arthur D. Spatt*_____
ARTHUR D. SPATT
United States District Judge